IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JULIA OVERSTREET SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-00401-N |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Julia Overstreet Sullivan brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). (*See* Doc. 24.)

Upon consideration of the administrative record ("R.") (Doc. 17), Sullivan's brief (Doc. 18), the Commissioner's brief (Doc. 21), and the arguments presented at the hearing held May 13, 2014 (*cf.* Doc. 22), the Court has determined that the Commissioner's decision denying Sullivan benefits should be **AFFIRMED**.[1]

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment shall be made directly to the Eleventh Circuit Court of Appeals. (*See* Doc. 24.)

## I. Procedural Background

Sullivan filed applications for DIB and SSI on February 9, 2010 (*see* R. 271-282), alleging a disability onset date of December 12, 2009 (*see* R. 271, 278). Her applications were initially denied. (*See* R. 152-157.) Hearings were conducted before an Administrative Law Judge May 13, 2011 (*see* R. 109-126) and September 1, 2011 (*see* R. 82-108).[2] On January 17, 2012, the ALJ issued a decision finding Sullivan not disabled (R. 60-81), and she sought review from the Appeals Council. The Appeals Council issued a decision declining to review the ALJ's determination on July 31, 2013 (*see* R. 1-8)—making that determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on August 6, 2013 (*see* Doc. 1).[3]

## II. Standard of Review and Claims on Appeal

In all Social Security cases, a plaintiff (sometimes referred to herein as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that

---

[2] As provided in the ALJ's decision (*see* R. 63), at the initial hearing, "it was determined that the record required development, in order to further evaluate claimant's physical and mental functioning, and she was scheduled for consultative examinations."

[3] The administrative record also contains a separate ALJ determination, dated January 20, 2010, denying Sullivan benefits for a period beginning April 8, 2008. (*See* R. 130-144.) The Appeals Council also declined to review this ALJ's determination, on February 18, 2011. (*See* R. 145-149.) For the sake of completeness, this is also not Sullivan's first appeal to this Court. In Civil Action No. 08-00596-B, Magistrate Judge Bivins affirmed the Commissioner's decision to deny Sullivan benefits for a period beginning August 1, 2005. (*See generally* Civil Action No. 08-00596-B, Doc. 17.)

he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* An ALJ, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. App'x 868, 870 (11th Cir. Feb. 9, 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision

3

to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

On appeal to this Court, Sullivan asserts two—analytically similar—reasons why the Commissioner's decision denying her benefits is in error (*i.e.,* not supported by substantial evidence):

(1) The ALJ erred by failing to give adequate and controlling weight to the opinions of Sullivan's treating physician, Dr. Evans; and

(2) The ALJ erred by failing to consider and weigh the full report of Dr. Varden—that is, the ALJ utilized the portion of his report that tended to support a finding of not disabled and ignored the potion that tended to support a finding of disability.

The Court will address each reason in turn.

4

III. Analysis

A. **The ALJ has articulated appropriate reasons, supported by substantial evidence, to not give the opinions of Sullivan's treating physician controlling weight.**

Sullivan contends her treating physician since 2002 has been Carla J. Evans, D.O. (*See* Doc. 18 at 3; *see also* R. 373.) Dr. Evans's records, or records from her practice, appear at R. 373-374, 398-403, 404-405, 415-425, 487-491, and 501-516. Sullivan contends that two documents (R. 373-374 and R. 404-405) titled "Report of Disability, Part I: Statement by Examining Physician," which appear to be part of paperwork from the Retirement Systems of Alabama ("RSA") and also appear to be completed by Dr. Evans, are opinions of a treating physician entitled to controlling or at least substantial weight. (*See* Doc. 18 at 2-5.) *See also* 20 C.F.R. § 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight . . . , we consider [several] factors in deciding the weight we give to any medical opinion.").

As to treating source opinions, the law in this Circuit is, moreover, that they

> "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)[.4] Good cause is shown when the: "(1) treating physician's

---

[4] "In every case, a treating physician will have greater access to the medical records, and more familiarity with the patient and his condition than will an examining physician or a physician who merely reviewed the record evidence. This is the reason for the treating physician rule whereby greater deference is usually accorded to the opinion of a treating physician than the opinion of a physician who has only examined the patient one time or the opinion of a physician who has merely reviewed the medical records. This is the reason the courts require an ALJ to provide specific, legitimate reasons for discounting a treating physician's opinion." *Vine v. Astrue*, Civil Action No. 09-2212-KHV-GBC, 2010 WL 2245079, at *11 (D. Kan. May 11, 2010) (internal citations omitted), *report and recommendation adopted*, 2010 WL 2245076 (D. Kan. June 2, 2010).

5

opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. Where the ALJ articulate[s] specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

*Gilabert v. Commissioner of Soc. Sec.*, 396 Fed. App'x 652, 655 (11th Cir. Sept. 21, 2010) (per curiam) (some internal citations modified); *accord Evans v. Commissioner, Soc. Sec. Admin.*, 551 Fed. App'x 521, 524 (11th Cir. Jan. 6, 2014) (per curiam).

The ALJ's discussion of Dr. Evans's opinions begins as follows:

The undersigned also acknowledges the opinions provided by the claimant's treating physician, Charla Evans, D.O., in conjunction with her ongoing evaluations of the claimant for State disability benefits. (Exhibits C4F [R. 373-374] and C9F [R. 404-405]). In December 2009, Dr. Evans opined that the claimant is permanently "disabled" and "totally incapacitated for further performance" of her prior job duties as a bus driver, officer worker, and building maintenance. (Exhibit C9F). Dr. Evans indicates that the claimant's panic disorder, major depression, edema and hypertension[ ] cause poor concentration, depressed mood, poor judgment and swollen legs. These symptoms were purported to restrict the claimant from driving, operating machinery, and prolonged standing/walking; and "no" reasonable accommodations could be made to accommodate her problems. This opinion is similar to Dr. Evans' prior finding in November 2009. (Exhibit C4F).

(R. 73.)

The ALJ determined that "[n]o controlling weight [should be] given to [Dr. Evans's] opinions because they are inconsistent with the other objective medical evidence of record"—objective findings and opinions from Drs. Varden, Starkey, Davis, and Duke, which the ALJ concluded, "directly contradict" Dr. Evans's finding

of "total disability and are consistent with the findings that the claimant can perform less than the full range of light and unskilled work activity." (R. 73.) This determination presents good cause for the ALJ's decision not to give Dr. Evans's opinion substantial or controlling weight. *See, e.g., Evans*, 551 Fed. App'x at 524 (reiterating that "[g]ood cause exists when" a treating physician's "opinion was not bolstered by the evidence" or "the evidence supported a contrary finding" (citing *Lewis*, 125 F.3d at 1440)); *Phillips*, 357 F.3d at 1241 (same); *see also Madison v. Astrue*, No. 08-1243-JTM, 2009 WL 1873811, at *5 (D. Kan. June 30, 2009) ("An ALJ may give less weight to the opinion of a physician when it is inconsistent with the other substantial evidence in the record." (citing *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007))); *Lewis v. Astrue*, No. CA 12–00201–C, 2012 WL 5868615, at *8 (S.D. Ala. Nov. 20, 2012) (same).

The ALJ further discounted Dr. Evans's opinions because the doctor's own treatment notes dated after her opinions "show only routine and conservative treatment, and that the claimant's impairments appear generally stabilized with this regimen." (R. 73 (citing Exhibit C21F [R. 487-491], records ranging from April 2011 to July 2011).) That a treating source's opinions are "inconsistent with the doctor's own medical records" is clearly also good cause to not give those opinions substantial or controlling weight. *Evans*, 551 Fed. App'x at 521; *accord Gilabert*, 396 Fed. App'x at 655; *Phillips*, 357 F.3d at 1241; *Lewis*, 125 F.3d at 1440; *see also Patterson v. Astrue*, No. 1:07–cv–00129–MP–AK, 2008 WL 4097461, at *1 (N.D. Fla. Aug. 27, 2008) ("[A] contradiction between a treating physician's opinion and her

7

own medical records has been held to constitute one possible sufficient ground for rejecting a treating physician's opinion.").

The ALJ also offered a third reason to discount Dr. Evans's opinions—a reason echoed at oral argument by counsel for the Commissioner—"[a] statement by a medical source that the claimant is 'disabled' or 'unable to work' does not mean that the [ ] claimant will be determined to be disabled as that term is defined in the Act[.]" (R. 73 (citations omitted).) Indeed, it appears Dr. Evans's opinions were submitted to RSA in connection with Sullivan's ongoing disability from the Mobile County Public School System in 2005. (*See* R. 73, 87.)

> Although a determination of disability by another agency is not binding on the Commissioner, the Social Security Regulations plainly state that a claimant may bring evidence of an impairment to the Commissioner's attention including "[d]ecisions by any governmental or nongovernmental agency about whether [an individual is] disabled . . . ." 20 C.F.R. § 404.1512(b)(5). The weight that the Commissioner should afford this evidence differs by circuit, but in the Eleventh Circuit the finding of disability by another agency is entitled to great weight. *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir.1984) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983)).

*Freese v. Astrue*, No. 8:06-CV-1839-T-EAJ, 2008 WL 1777722, at *2 (M.D. Fla. Apr. 18, 2008) (footnote omitted); *see also* 20 C.F.R. § 404.1504 ("A decision by any nongovernmental agency or any other governmental agency about whether you are disabled . . . is based on its rules and is not our decision about whether you are disabled . . . . We must make a disability . . . determination based on social security law. Therefore, a determination made by another agency that you are disabled . . . is not binding on us.").

Here, however, the ALJ has been presented with a medical source opinion

8

submitted in support of another agency's disability determination, and it appears the ALJ accepted it for what it is (and, based on the ALJ's decision, afforded what it said great weight). Dr. Evans's opinion was that Sullivan could not perform her duties for the school system, described in the form as "[d]riving buses, office work, yard work on building maintenance[, and] school bus helper inspector." (R. 373.) The ALJ agreed, and found that Sullivan "is unable to perform any past relevant work[,]" described in the Commissioner's decision as "a bus driver (DOT Code 913.463-019, medium, semi-skilled); and janitor (DOT Code 382.664-010, medium, semi-skilled)." (R. 74.)

### B. The ALJ also properly considered Dr. Varden's opinion.

Sullivan's second asserted error concerns the ALJ's treatment of the opinion of Dr. Varden, a consulting examiner. At the conclusion of Dr. Varden's opinion, under "Plan," he stated,

> I believe the patient has a myofascial type pain syndrome if anything and her limitations seem to be more related to her depression/anxiety and her morbid obesity. ***Her perceived limitations are much greater as evidenced by the medical source opinion.*** She's not in usage of any assistive devices currently. I would suspect that she should be able to do most light work-related activities sitting standing walking carry light objects etc. Medically overall she appears to be fairly stable at present time in my opinion.

(R. 467 (emphasis added).) Attached to Dr. Varden's opinion is, indeed, a medcal source opinion (see R. 469-474), which clearly instructs, "[t]o determine this individual's ability to do work-related activities on a regular and continuous basis, please give us *your opinion* for each activity shown below." (R. 469 (emphasis added). And, almost without a doubt, the signature on the last page (R. 474) is Dr.

9

Varden's. But the limitations imposed therein are not consistent with Dr. Varden's conclusion, above.

Sullivan contends that the ALJ considered and assigned weight to aspects of Dr. Varden's opinion that concluded Sullivan was not disabled (i.e., his conclusion, under "Plan"), but ignored aspects of Dr. Varden's opinion that supported a finding of disability (i.e., the medical source statement) and accuses the ALJ of "judicial cherry-picking . . . ." (Doc. 18 at 5-7.) Undeniably, as this Court has recently twice held,

> "[i]nherent in the judging function of an ALJ is the need to weigh and evaluate the range of medical opinions appearing in the record." *Lawrence v. Astrue*, No. 5:12cv148/CJK, 2013 WL 359540, at *7 (N.D. Fla. Jan. 30, 2013). Thus, "an ALJ may not simply pick and choose among medical evidence without explanation." *Id.* An ALJ must, instead, "state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Commissioner of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

*McAfee v. Colvin*, Civil Action No. 13–00299–N, 2014 WL 1017893, at *4 (S.D. Ala. Mar. 17, 2014) (quoting *Smith v. Colvin*, Civil Action No. 2:13–00275–N, 2014 WL 518057, at *3 (S.D. Ala. Feb. 10, 2014)).

Here, however, the ALJ did not "simply pick and choose among" Dr. Varden's opinion "without explanation." Instead, she explained how she treated the clear inconsistency within Dr. Varden's opinion (an inconsistency he clearly explained, at R. 467):

> The [ALJ] also acknowledges the "Medical Source Statement" . . . completed by Dr. Varden, in conjunction with his examination. No weight is given to this form because it was based upon the claimant's subjective complaints and is inconsistent with Dr. Varden's

10

examination findings and narrative opinion. Dr. Varden specifically noted that the claimant's "perceived limitations are much greater as evidenced by the medical source opinion."

(R. 71.)

The undersigned agrees with counsel for Sullivan—as he stated during oral argument—that Dr. Varden's rather unorthodox approach with regard to the medical source statement is potentially confusing, and it probably is bad policy for the Commissioner to allow a consulting examiner to complete such a statement based on the claimant's own impressions—especially where the form instructs the physician that he or she is to provide "your opinions for each activity listed below." The undersigned finds, however, that the ALJ in this case fulfilled her duty with regard to the treatment of such evidence. And her treatment of this evidence is due to be affirmed.

## IV. <u>Conclusion</u>

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Sullivan benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the 20th day of May, 2014.

 */s/ Katherine P. Nelson*  
**KATHERINE P. NELSON**  
**UNITED STATES MAGISTRATE JUDGE**

11